UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICENTE QUIROZ, <br><br> Plaintiff, <br><br> v. <br><br> JOHN THOMAS MORAN, JR., *et al.*, <br><br> Defendants. | Case: 1:17-cv-00886 (F-Deck) <br> Assigned To : Unassigned <br> Assign. Date : 5/12/2017 <br> Description: Pro Se Gen. Civil |

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will GRANT the application and DISMISS the complaint.

Defendant John Thomas Moran, Jr. was "hire[d] by the public defenders['] office [and] assigned by the United States District Court for the Northern District of Illinois" to represent Plaintiff in a criminal matter. Compl. at 1. According to Plaintiff, Defendant committed legal malpractice, *see id.* at 2-3, and thereby violated rights protected under the Fifth and Sixth Amendments to the United States Constitution, *see id.* at 1, and caused Plaintiff to suffer "depression, anxi[e]ty, [and] hopelessness," *id.* at 3. Plaintiff has demanded compensatory and punitive damages. *Id.*

As plaintiff notes, *id.* at 2, he already has brought a civil action against Defendant on claims arising from Defendant's representation of Plaintiff in the same criminal matter. The action was dismissed because the complaint failed to state a claim upon which relief could be granted. *See Quiroz v. Moran*, No. 15 C 8129 (N.D. Ill. Sept. 28, 2015).

Generally, a plaintiff is expected to "present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence." *U.S. Indus., Inc. v. Blake Constr. Co., Inc.*, 765 F.2d 195, 205 (D.C. Cir. 1985) (citation omitted). The doctrine of res judicata, or claim preclusion, provides "that 'a judgment on the merits in a prior suit bars a second suit involving the same parties . . . based on the same cause of action.'" *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979)). Here, res judicata bars Plaintiff's claims because "there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006) (citations omitted).

The Court concludes that Plaintiff's claims are barred under the doctrine of *res judicata*, and, accordingly, the complaint will be dismissed. An Order accompanies this Memorandum Opinion.

DATE: 5|5|17

United States District Judge